## 18386

The STATE, Appellant, v. Harold Harvin LEE, Respondent

(143 S. E. (2d) 604)

312

*Messrs, G. Werber Bryan, County Attorney,* and *A. S. Bahnmuller, Assistant County Attorney,* of Sumter, and *Daniel R. McLeod, Attorney General,* and *Joseph C. Coleman, Assistant Attorney General,* of Columbia, *of Counsel,* and *C. T. Goolsby, Jr., Assistant Attorney General,* of Columbia, *on the Brief, for Appellant,*

*Edward V. Atkinson, Esq.,* of Sumter, *for Respondent,*

August 3, 1965.

BUSSEY, Justice.

The defendant-respondent was convicted by a jury in magistrate's court in Sumter County on a charge of operating a motor vehicle while under the influence of intoxicating liquor, and from his conviction appealed to the Court of General Sessions. The circuit judge, without the citation of any authority, reversed the conviction and remanded the cause to magistrate's court, in effect for the purpose of a new trial, although the order does not so expressly state. The basis of the order, in general, was simply that the constitutional rights of the accused had been violated by the admission into evidence of certain statements made by the accused, as well as certain articles found in the car of accused, and the failure of the arresting officers to either immediately take the accused before a magistrate or furnish him with counsel. From such order the State appeals.

The matter was heard before the circuit judge on a magistrate's return, apparently agreed to by counsel, which set forth a resume of the testimony and proceedings, rather that a verbatim transcript thereof. The pertinent facts of the case, as shown in the return, are as follows.

Sgt. Bennett and Patrolman Freeman, of the South Carolina Highway Patrol, stopped the accused on a highway in Sumter County, inferentially about seventeen miles from the City of Sumter, at about 10:30 P. M., as a result of the manner in which accused was driving his automobile. Upon accused being stopped, he, at the request of the patrolmen got out of his car, walked to the rear thereof, and engaged in a conversation, apparently of some length, with the patrolmen, following which the patrolmen concluded that accused was sufficiently intoxicated to justify a charge of driving under the influence of intoxicating liquor. Thereupon, Patrolman Freeman drove accused's car, with accused riding therein, to the Sumter County jail, Sgt. Bennett driving the patrol car to the same destination.

In the course of the journey to the jail, accused and Patrolman Freeman engaged in friendly conversation. Upon arrival at the jail the parties were met by a patrolman by the name of Reeves who through limited questioning obtained certain information from accused before he was locked in a cell. Patrolman Reeves did not testify and the record does not show what questions were addressed to accused by Patrolman Reeves nor the answers given thereto. What part, if any, of the conversation between Reeves and accused was heard by either Freeman or Bennett does not clearly appear in the record.

The accused testified that he was not allowed to use the telephone at the jail "although he wanted to call his wife to explain why he did not come home." He made no mention of wanting counsel or bond. He was released on bond at 8:05 the following morning.

At the trial the accused was represented by retained counsel. He admitted that he had consumed two beers and one highball over a period of several hours preceding his arrest and was in the process of drinking his second highball as he rode along the highway just before being apprehended. At the time of the arrest, the highball glass with ice cubes and some of the remaining liquid was on the seat of the car by accused, apparently in plain view. This glass was introduced in evidence without objection.

In the course of the trial Sgt. Bennett and Patrolman Freeman, either or both, testified to several statements made by the accused on the evening of his arrest. One was to the effect that he had had nine beers and five highballs. Another was that he was glad that he was arrested and taken off the road before he killed himself or someone else. Another statement was to the effect that accused had consumed the whiskey from a half pint bottle which contained only a small amount at the time of arrest, which bottle was then under the seat of defendant's automobile.

At the trial counsel for accused objected to the admission into evidence of the several statements made by the accused solely on the ground that the defendant had not been warned that such might be used against him. Counsel objected to the introduction into evidence of the partially consumed bottle of whiskey on the ground that the same was obtained as the result of an illegal search and seizure. Both objections were overruled.

The record shows that the accused, on trial, admitted making every statement attributed to him by the patrolmen, but testified that he was merely joking when he told them that he had consumed nine beers and five highballs, and explained his statement as to having consumed the contents of the bottle by saying that such consumption had been on another occasion. The record clearly reflects that the patrolmen treated the accused with the utmost courtesy and that they were thanked by the accused that night for their courteous treatment of him.

The record contains nothing to even remotely indi-
cate that any admissions or statements made by
the accused were the result of even intensive question-
ing, let alone coercion, in violation of accused's constitutional
rights. The record does not clearly show whether the several
statements admittedly made by the accused were made im-
mediately prior to or at the time of his arrest, in the course
of his journey to the jail, or upon arrival at that destination.
Moreover, the record does not even show which of his
statements, if any, were in response to routine questioning,
as opposed to being purely voluntary spontaneous statements
on the part of the accused. We know of no case holding that a
highway patrolman is required to warn a traffic violator
as to his constitutional rights before engaging in a routine
conversation with such violator. Neither do we know of
any decision that has gone so far as to hold that such a
traffic violator must be furnished with counsel immediately
upon arrest.

The respondent seeks to sustain the ruling of the
circuit judge with respect to the foregoing by the
citation of several recent decisions of the United
States Supreme Court, the leading and principal one relied
on being *Escobedo v. State of Ill.*, 378 U.S. 478, 84 S. Ct.
1758, 12 L. Ed. (2d) 977. We shall not here bother to
review that particular decision in detail. Suffice it to say,
that the factual situation here was completely different from
the factual situation there, and we do not construe that
opinion as being authority for the propositions, either that
the statements of the accused here should have been excluded,
or that, under the circumstances here, the accused should
have been furnished with counsel immediately following
arrest.

With respect to the bottle of whiskey, the record does
not reflect just when or how it was discovered. The only
information thereabout in the magistrate's return is the
following language,

"In addition, Sgt. Bennett testified that he had taken a half pint bottle of whiskey containing a small amount from under the seat of the defendant's automobile."

Whether or not some portion of the bottle was in plain view and observable without the necessity of a search, does not appear in the record. Neither does the record show whether the bottle was found or observed by Sgt. Bennett at the time and scene of the arrest or upon arrival at the jail.

In contending that the whiskey bottle was obtained as the result of an unlawful search and seizure, respondent relies upon the case of *Preston v. United States*, 376 U. S. 364, 84 S. Ct. 881, 11 L. Ed. (2d) 777. Again, the facts of that case totally distinguish it, we think, from any facts disclosed by the record in the instant case. Here the record does not even show that there was a search. Even if there were a search, the record does not show that it was not done at the time of and in connection with the actual arrest. Here, the bottle of whiskey was an implement of the offense for which the accused was arrested. If there were any facts which would, perchance, bring this case within the purview of the holding of the *Preston* case, it was incumbent upon the accused to prove such facts and bring them to the attention of the magistrate.

With respect to the contention that the accused should have been taken immediately before a magistrate, there is nothing in the instant record to show either that the patrolmen or the jailer acted unreasonably or unlawfully thereabout, under the circumstances, nor is there anything to show that accused's conviction was affected in the slightest degree by his not being taken before a magistrate late at night.

For the foregoing reasons, judgment of the circuit court is reversed, the conviction of the respondent is reinstated and affirmed.

Reversed.

TAYLOR, C. J., and MOSS, LEWIS and BRAILSFORD, JJ., concur.